[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14841
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61589-KMW

ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,

Plaintiff - Appellee,

versus

UNITED CONSTRUCTION ENGINEERING, INC.,

Defendant,

CARLOS MARROQUIN LOPEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 6, 2019)

Before MARTIN, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

This declaratory judgment action presents a straightforward question of contract interpretation: Did the district court err in finding that an insurance policy did not cover the injuries sustained by a worker in the course of his job, and therefore, he was not owed compensation by the insurer? After review, we conclude that compensation for the worker's injuries falls under the Florida workers' compensation scheme and not the insurance policy; hence, we affirm.

## I. BACKGROUND

Plaintiff/Appellee Endurance American Specialty Insurance Company ("Endurance") issued an insurance policy to United Construction Engineering, Inc. ("UCE") for general commercial liability. (R. Doc. 1-2). However, the policy specifically excludes injuries that would be covered by a workers' compensation claim (henceforth referenced as "workers' compensation exclusion") (R. Doc. 1-2 at 14). It also excludes bodily injuries of an employee of the insured when the employee is injured in the course of his employment with the insured or is otherwise performing the insured's normal duties ("employee exclusion"). *Id.*

AC1 Supply executed a contract with UCE for UCE to perform a roof repair on a Miami warehouse. UCE hired a subtractor, Enzo Enrique Moreno Castellanos ("subcontractor"), who in turn hired defendant Carlos Marroquin Lopez ("Lopez")

2

to perform the work.  Lopez estimated the repair would take at least a week and accepted a rate of $120 per day from the subcontractor.  On the second day of the project, Lopez slipped and fell into a pool of hot tar on the job site.  Neither UCE nor the subcontractor was carrying workers' compensation insurance at that time.

After Lopez sued UCE in state court for his injuries, Endurance began defending UCE under reservation of rights.  Endurance then filed this declaratory judgment action in federal court, seeking a declaration that it had no duty to defend or indemnify UCE in the state suit, and that Lopez's suit was barred under the policy exclusions for injuries that should be covered by workers' compensation as well as injuries that were incurred by the insured's employees in the course of their employment.

The district court, over Lopez's objections, adopted a magistrate judge's report and recommendation without further comment.  (R. Doc. 47.)  The district court found that under Florida law, workers' compensation was "the exclusive remedy available to an injured employee for the negligence of his employer" under these circumstances, and that Lopez was an employee under the terms of the Florida workers' compensation statute.  (R. Doc. 43 at 5).  Therefore, either the contractor or the subcontractor was liable for the payment of the compensation under the statutory scheme.  Under Florida law, if the subcontractor failed to carry

3

workers' compensation insurance, then the liability shifted to UCE.  The district court also rejected Lopez's argument that he was a "casual worker" under Florida law who would not be a covered employee under the Florida statute.  Additionally, the district court found that the policy's roofing operations endorsement (R. Doc. 1-2 at 52) had no bearing on the scope of the policy's coverage.  Finally, the district court accepted Endurance's argument that coverage was further barred because the policy, in addition to excluding workers' compensation obligations, also excluded bodily injuries arising out of the course of employment by the insured because under Florida law, Lopez was an employee, policy language to the contrary notwithstanding.  (R. Doc. 1-2 at 14).

Lopez then perfected this appeal.

## II. DISCUSSION

A district court's grant of summary judgment is reviewed *de novo*.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

A. *Lopez's status as a statutory employee*

Lopez's primary argument is that he was, in fact, a temporary employee under the terms of the policy and that the district court erred when interpreting Florida law that superseded the policy definition.  Lopez argues that the varying interpretations of "employee" in the policy create an ambiguity that should be

4

resolved against the insurer or the policy drafter, and as such, the employee exclusion does not apply.  An ambiguity arises, Lopez insists, because the district court's interpretation of "employee" in the policy effectively rewrites the policy to read "statutory employee."

This distinction carries legal significance because if Lopez is not an "employee" under the terms of the policy, then the employee exclusion in the policy is inapplicable.  However, if Lopez is an "employee" for policy purposes by operation of law, then the exclusion applies, and his claim is barred.

We see no need to engage with Lopez's entire argument because it fails to address and overcome the deficiencies the district court noted with the workers' compensation exclusion that independently causes Lopez's claim to fail. Assuming, *arguendo*, that the district court erred in applying the statutory definition of employee to the insurance policy, that error would have no effect on the analysis of the workers' compensation exclusion, which operates as an independent basis for Endurance to deny the claim.  As the district court noted, the applicability of the workers' compensation exclusion hinges on whether a worker is covered by Florida's worker compensation laws.  Fla. Stat. §§ 440.10 (2019).  In this case, Lopez is covered.  *See* Fla. Stat. 440.02(15)(a) (2015) (defining "employee" for workers' compensation eligibility as "any person who receives

5

remuneration from an employer for the performance of any work or service."). Lopez is unable to explain how the clear and unambiguous language of the workers' compensation exclusion means anything other than what it says: that the insured's obligations arising out of a workers' compensation law are not covered under the policy. This exclusion does not hinge on any distinctions between statutory employees, temporary workers, or casual workers. Lopez's only effort at challenging the workers' compensation exclusion is arguing that factual ambiguities – which cannot be resolved on summary judgment – preclude a finding that UCE would have been financially obligated to Lopez under workers' compensation.

More specifically, Lopez argues that the district court erred in determining that a contractor/subcontractor relationship existed as a matter of law between the subcontractor and Lopez. Lopez appears to argue that UCE may have not owed him an obligation under Florida workers' compensation statute, which would mean that the workers' compensation exclusion would be inapplicable to his claim. (Brief for Appellant at 29).

In advancing this argument, Lopez takes express disagreement with the district court's findings in footnote 2 of its order. (R. Doc. 43 at 2, n. 2). There, the district court addressed the argument that UCE lacked evidence of the

6

existence of a subcontractor relationship.  It found that because the record showed – conclusively – that UCE entered into a contract with the subcontractor, who then hired Lopez to perform the work, that Lopez's denials of such a relationship lacked any record evidence and were due to be ignored for purposes of creating a dispute that would preclude summary judgment.

On appeal, Lopez presents no new evidence that would justify reversing these findings.  As the district court noted, mere denials, lacking any supporting evidence, will not be enough to defeat a well-founded summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support this assertion by citing to particular parts of materials in the record.").  Lopez has not done this, so his argument fails.

B. *Applicability of the Roofing Operations Endorsement*

Lopez next argues that a separate endorsement to the policy entitled "roofing operations" should operate to provide coverage since Lopez sustained his injury while performing roofing operations.  The district court rejected this argument because it found that none of the language in the endorsement altered the exclusions in the beginning of the policy that the district court viewed as being dispositive to the case.

7

On appeal, Lopez does not advance any discernable new arguments explaining where the district court erred.  In fact, the roofing endorsement contains no language regarding *who* will be covered under the policy.  (R. Doc. 1-2 at 52–53).  Instead, it lists certain terms and conditions regarding how roofing operations must be performed in order to receive insurance coverage.  Only section (B)(4) provides any clarification regarding the scope of coverage, stating that failure to meet the terms of the endorsement will lead to "any resulting property damage to any building or structure or its contents [not being] covered by this policy."  (*Id.*)  The last sentence of the endorsement reads, "All other terms and conditions of this policy remain unchanged."  (*Id.*)  Lopez fails to explain how or why the workers' compensation exclusion or employee exclusion would somehow be altered by the roofing operations endorsement, which is one of numerous endorsements and exclusions attached to the policy covering a wide variety of circumstances.  Lopez's proffered interpretation effectively uses the endorsement to override the exclusions that operate as a bar to his claim.  This interpretation is unsupported by any text in the endorsement.  Accordingly, we conclude that the district court correctly declined to adopt his interpretation.

C. *Lopez's status as a casual worker*

8

Finally, Lopez takes exception to the district court's determination that he was not a "casual worker" under the Florida statute because his project was estimated to take around a week and cost $840, which exceeded the statutory limits of less than 10 working days and less than $500.

Lopez argues the district court erred because he only earned $120 per day and was injured on his second day on this job.  This has no legal significance because the statutory definition is based on what the employment terms are *anticipated* to be, not on what comes to fruition.  Fla. Stat. § 440.02(5).  Lopez complains that this system is murky given his practical status as a day laborer.  Be that as it may, he cites no statute or case law for the proposition that the district court erred in applying the plain language of the statute in determining that the anticipated value of the project exceeded the statutory limits for a casual employee.

Because we conclude from the record that the district court did not err when determining that Lopez's claims were barred under the terms of the policy, we affirm its grant of summary judgment in favor of Endurance.

**AFFIRMED**.

9